UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-mj-00015-AJ |
| | ) | |
| THOMAS FALL | ) | |
| | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorney, Scott W. Murray, United States Attorney for the District of New Hampshire, and the defendant, Thomas Fall, and his attorney, Patrick J. Queenan, Esquire, enter into the following Plea Agreement.

1.  The Plea and Offense.

The defendant, Thomas Fall, agrees to waive his right to have this matter presented to a grand jury and plead guilty to Count One of an Information charging him with conspiracy to distribute a controlled substance, specifically, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(vi).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in section 6 of this agreement.

2.  The Statutes and Elements of the Offense.

   A.  Count One - 21 U.S.C. §§ 846 and 841(a)(1).

21 U.S.C. § 841(a)(1) provides, in pertinent part:

**(a)** Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally–

2

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 841(a)(1) (West 2017).

21 U.S.C. § 846 provides, in pertinent part:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (West 2017).

The defendant understands that the offense in Count One of the Information has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

FIRST, that the agreement specified in the Information, and not some other agreement or agreements, existed between at least two people to distribute a controlled substance;

SECOND, that the defendant willfully joined in the agreement; and

THIRD, that the agreement involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

*Pattern Jury Instructions: First Circuit Criminal Cases*, Instruction 4.21.841(a)(1)A (2016).

3.   Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

Beginning on an uncertain date, but at the latest by mid-2018, and continuing through on or about mid-2019, the defendant conspired with other known and unknown people to distribute a controlled substance, specifically, 40 grams or more of a mixture or substance containing a

3

detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

In July 2019, a United States Drug Enforcement Administration ("DEA") confidential source ("CS"), acting under the direction of DEA, participated in a number of controlled drug purchases from the defendant and/or the defendant's girlfriend at their Rochester, New Hampshire residence. The drugs purchased during these controlled drug buys, analyzed by the DEA's Northeast Laboratory, included the following:

| Date | Fentanyl Seized |
| --- | --- |
| • July 15, 2019 | 24.3 grams |
| • July 18, 2019 | 21.67 grams |
| • July 30, 2019 | 19.7 grams[1] |
| • August 29, 2019 | 34.71 grams |

On January 14, 2020, the DEA and other law enforcement agencies executed arrest warrants for the defendant and his girlfriend and a search warrant on their Rochester residence. In a post-arrest interview, the defendant admitted to participating in the drug conspiracy with his girlfriend and stated that for a period of three to six months in 2018 and 2019, he and his girlfriend purchased "fingers" of fentanyl from a Massachusetts-based fentanyl source for their personal use and for distribution to a small number of New Hampshire-based drug customers.

Based on the totality of this evidence, the amount of a controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 40 grams or more of a mixture or substance

---

[1] At the time of this drug sale, the defendant was on State of New Hampshire supervision for a prior drug conviction and was wearing a GPS location monitoring device.

4

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide
(commonly known as fentanyl), a Schedule II controlled substance.

4.   Penalties.

The defendant understands that the penalty for the offense includes:

A.   With Respect to Count One:

1.   A mandatory minimum term of imprisonment of five years and a
maximum term of imprisonment of 40 years imprisonment (21 U.S.C. §
841(b)(1)(B) (vi));

2.   A $5,000,000 fine; and

3.   A term of supervised release of at least four years and as much as life. (21
U.S.C. § 841(b)(1)(B)).

The defendant also understands that he will be required to pay a special assessment of
$100 for each count of conviction ($100), at or before the time of sentencing; and that the Court
may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or
§ 3663A.

5.   Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case
and that the Court is required to consider the United States Sentencing Guidelines as advisory
guidelines.   The defendant further understands that the defendant has no right to withdraw the
defendant's guilty plea if the applicable advisory guideline range or the defendant's sentence is
other than the defendant anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation
Office shall:

A.   advise the Court of any additional, relevant facts that are presently known or may
subsequently come to their attention;

5

B.     respond to questions from the Court;

C.     correct any inaccuracies in the pre-sentence report;

D.     respond to any statements made by the defendant or the defendant's counsel to a
       probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address
the Court with respect to an appropriate sentence to be imposed in this case.

The defendant is aware that any estimate of the probable sentence or the probable
sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that
the defendant may have received from any source is only a prediction and not a promise, and is
not binding on the United States, the Probation Office, or the Court, except as expressly provided
in this Plea Agreement.

In addition to the other penalties provided by law, the Court may also order that the
defendant make restitution under 18 U.S.C. § 3663.

6.     Stipulations and Other Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant have
stipulated to the following:

The government agrees to recommend a sentence within the applicable advisory United
States Sentencing Guideline range as determined by the Court.

The defendant understands that the Court is not bound by the foregoing agreement and,
with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing.
The defendant also understands that if the Court does not accept any or all of those agreements,
such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other
sentencing enhancements should be applied in determining the advisory guideline range in this

6

case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.   Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense.   The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

B.    challenges the United States' offer of proof at any time after the plea is entered;

C.    denies involvement in the offense;

D.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.    fails to give complete and accurate information about the defendant's financial status to the Probation Office;

F.    obstructs or attempts to obstruct justice, prior to sentencing;

G.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to

fully disclose such conduct to the United States prior to signing this Plea

Agreement;

H.       fails to appear in court as required;

I.       after signing this Plea Agreement, engages in additional criminal conduct; or

J.       attempts to withdraw the plea of guilty.

If the defendant's offense level is sixteen or greater, and the defendant has assisted the

United States in the investigation or prosecution of the defendant's own misconduct by timely

notifying the United States of the defendant's intention to enter a plea of guilty, thereby

permitting the United States to avoid preparing for trial and permitting the United States and the

Court to allocate their resources efficiently, the United States will move, at or before sentencing,

to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. §

3E1.1(b).

The defendant understands and agrees that the defendant may not withdraw the

defendant's guilty plea if, for any of the reasons listed above, the United States does not

recommend that the defendant receive a reduction in the defendant's sentence for acceptance of

responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce

the offense level if it finds that the defendant has not accepted responsibility.

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that the defendant has the right to be represented by an

attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the

defendant.    The defendant understands that the defendant has the right:

A.       to plead not guilty or to maintain that plea if it has already been made;

B.       to be tried by a jury and, at that trial, the right to the assistance of counsel;

8

C.      to confront and cross-examine witnesses against the defendant;

D.      not to be compelled to provide testimony that may incriminate the defendant; and

E.      to compulsory process for the attendance of witnesses to testify in the defendant's

defense.

The defendant understands that by pleading guilty the defendant waives and gives up

those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any

kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the

defendant questions about the offense, and if the defendant answers those questions falsely under

oath, on the record, and in the presence of counsel, the defendant's answers may later be used

against the defendant in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant acknowledges that the defendant:

A.      is entering into this Plea Agreement and is pleading guilty freely and voluntarily
        because the defendant is guilty;

B.      is entering into this Plea Agreement without reliance upon any discussions with
        the United States and without promise of benefit of any kind except as described
        in this Plea Agreement or revealed to the Court;

C.      is entering into this Plea Agreement without threats, force, intimidation, or
        coercion of any kind;

D.      understands the nature of the offense to which the defendant is pleading guilty,
        including the penalties provided by law; and

E.      is completely satisfied with the representation and advice received from the
        defendant's undersigned attorney.

9

10.    Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-federal, state or local authority.   The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the defendant's plea of guilty.   The defendant understands such matters are solely within the discretion of the specific non-party government agency involved.   The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.    Collateral Consequences.

The defendant understands that the defendant will be adjudicated guilty of the offense to which the defendant will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration

consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of New Hampshire as a result of the defendant's participation in the conduct which forms the basis of the Information in this case. The defendant understands that if, before sentencing, the defendant violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

13.   Waivers.

A.   Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1.   His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.   The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

11

B.   Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.   By

entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to

collaterally challenge:

    1.    His guilty plea, except as provided below, and any other aspect of his
        conviction, including, but not limited to, adverse rulings on pretrial
        suppression motion(s) or any other adverse disposition of pretrial motions
        or issues, or claims challenging the constitutionality of the statute of
        conviction; and

    2.    The sentence imposed by the Court if it is within, or lower than, the
        guideline range determined by the Court, or if it is imposed pursuant to a
        minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a

collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on

the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral

review also does not operate to waive a collateral challenge based on new legal principles

enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea

Agreement that have retroactive effect.

C.      Freedom of Information and Privacy Acts.

The defendant hereby waives all rights, whether asserted directly or by a representative,

to request or receive from any department or agency of the United States any records pertaining

to the investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5

U.S.C. §522a.

D.      Appeal by the Government

This Plea Agreement does not affect the rights or obligations of the United States as set

forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

14.    <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been

entered into other than those set forth in this Plea Agreement or revealed to the Court, and none

will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.    <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this

Plea Agreement is signed by the defendant and his attorney and until signed by the United States

Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.    <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.


Dated: 10/07/20                              SCOTT W. MURRAY
                                             United States Attorney

                              By:    <u>/s/ Jennifer Cole Davis</u>
                                     Jennifer Cole Davis
                                     Assistant U.S. Attorney
                                     NH Bar Association # 10222
                                     53 Pleasant St., 4th Floor
                                     Concord, NH 03301
                                     jennifer.c.davis@usdoj.gov
                                     (603) 225-1552

13

The defendant certifies that he has read and/or had translated to him this 13-page Plea Agreement and that he fully understands and accepts the terms thereof.

_____                    10/5/20
Thomas Fall, defendant                                   Date:


I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

_____          Date:        10/7/2020
Patrick J. Queenan, Esquire,
Counsel for Thomas Fall